UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOHN and JANE PARENTS 1, JOHN PARENT 2, <br><br>       *Plaintiffs*, <br><br> v. <br><br> MONTGOMERY COUNTY BOARD OF EDUCATION; SHEBRA L. EVANS, BRENDA WOLFF, JEANETTE E. DIXON, JUDITH DOCCA, PATRICIA B. O'NEILL, KARLA SILVESTRE, AND REBECCA SMONDROWSKI, *individually and in their official capacities as Members of the Montgomery County Board of Education*; and JACK R. SMITH, *individually and in his official capacities as a member of the Montgomery County Board of Education and Montgomery County Superintendent of Schools*, <br><br>       *Defendants*. | Civil Action No. 8:20-cv-3552 |

## NOTICE OF REMOVAL

Defendants Montgomery County Board of Education ("Board of Education"); Shebra L. Evans, Brenda Wolff, Jeanette E. Dixon, Judith Docca, Patricia B. O'Neill, Karla Silvestre, and Rebecca Smondrowski, individually and in their official capacities as Members of the Montgomery County Board of Education; and Jack R. Smith, individually and in his official capacities as a member of the Board of Education and Montgomery County Superintendent of Schools, by counsel, pursuant to 28 U.S.C. §§ 1441, 1446, 1331, 1367, file this Notice of Removal removing this action to this Court from the Circuit Court for Montgomery County, Maryland.  The grounds for removal are as follows:

- 1 -

1. Plaintiffs commenced this action by filing their Complaint on or about October 20, 2020 in the Circuit Court for Montgomery County, Maryland and the case was docketed as 483809-V.

2. Plaintiffs purported to serve at least one or more of the Defendants with the summons and Complaint on November 5, 2020. Together with this Notice, Defendants are filing copies of all process, pleadings, and orders served on them pursuant to 28 U.S.C. 1446(a).

3. This Notice is filed within 30 days of purported service of the Complaint on one or more of the Defendants, pursuant to 28 U.S.C. § 1446. *See* Fed. R. Civ. P. 6(a)(1)(C).

4. The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. Concurrent with the filing of this Notice, Defendants are serving this Notice on Plaintiffs' Counsel and filing a copy of the Notice with the Clerk of the Circuit Court for Montgomery County.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(2) and 1441(a) because the United States District Court for the District of Maryland, Southern Division is the federal judicial district and division embracing the Circuit Court of Montgomery County, Maryland, where this action was originally filed.

7. As demonstrated below, this case is removable based on federal question jurisdiction and supplemental jurisdiction. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants may properly remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action. Under 28 U.S.C. § 1367, this Court may exercise its discretion to invoke supplemental

jurisdiction over claims that are not individually removable based on federal question jurisdiction if they stem from a "common nucleus of operative facts." *MacFadyen v. Smith*, 2011 WL 1740583, at *2 (D. Md. May 3, 2011).

8. As it concerns federal question jurisdiction, a federal court may assert jurisdiction where "a state law claim necessarily raise[s] a stated federal issue." *Soltesz v. Ballard-Hirsch*, 2012 WL 5842886, at *4 (D. Md. Nov. 16, 2012) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (a case may "arise under" federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law") (internal citation and quotation omitted). A claim may arise under federal law in either of two ways. In many cases, "federal-question jurisdiction is invoked … by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 312. In other cases, although the plaintiffs' causes of action are nominally created by state law, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* This second form of federal-question jurisdiction "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

9. All of Plaintiffs' claims arise out of their concerns with the Montgomery County Public Schools' 2020-2021 Guidelines for Gender Identity for Montgomery County Public Schools (the "Guidelines").

10. Plaintiffs allege that they are parents of children who attend the Montgomery County Public Schools. *See* Complaint, at 3-4. Plaintiffs allege that the Board of Education, in

adopting the Guidelines, has violated their rights to access certain information generated and retained about their minor children.  *See* Complaint, at 2.  Plaintiffs allege that those rights "are founded on Maryland statutory and regulatory provisions, as well as the State and Federal Constitutions and federal laws, which recognize the fundamental right of parents to direct the upbringing of their children."  *See* Complaint, at 2.

11. The Complaint raises seven counts: (I) violation of § 5-203 of the Family Article of the Maryland Code; (II) violation of Chapter 13a.08.02 of the Maryland Code of Regulations; (III) violation of the Maryland Constitution; (IV) violation of FERPA, 20 U.S.C. § 1232g, as incorporated by Maryland Law; (V) violation of PPRA, 20 U.S.C. § 1232h, as incorporated by Maryland Law; (VI) violation of the Fourteenth Amendment to the United States Constitution; and (VII) violation of 42 U.S.C. § 1983.

12. The Court has original jurisdiction over Plaintiffs' Counts VI and VII.  *See* 28 U.S.C. § 1331.  This Court similarly has federal question jurisdiction over Plaintiffs' Counts IV and V, as they allege violations of certain federal laws that have been incorporated into Maryland law.  *See Grable & Sons Metal Prods., Inc.*, 545 U.S. at 312.  Finally, given that all claims arise from the same set of concerns with the Guidelines, Counts I, II, and III stem from a "common nucleus of operative facts," and this court has supplemental jurisdiction such that these claims are removable.  *See MacFadyen*, 2011 WL 1740583, at *2.

WHEREFORE, notice is given that this action is removed from the Circuit Court of Montgomery County, Maryland to the United States Court for the District of Maryland, Southern Division.

Respectfully submitted,

MONTGOMERY COUNTY BOARD OF EDUCATION; SHEBRA L. EVANS, BRENDA WOLFF, JEANETTE E. DIXON, JUDITH DOCCA, PATRICIA B. O'NEILL, KARLA SILVESTRE, and REBECCA SMONDROWSKI, *individually and in their official capacities as Members of the Montgomery County Board of Education*; and JACK R. SMITH, *individually and in his official capacities as a member of the Montgomery County Board of Education and Montgomery County Superintendent of Schools*

By Counsel

 /s/ Alexandra Stewart
Paul R.Q. Wolfson (*Application for Admission Pro Hac Vice Forthcoming*)
Bruce M. Berman (*Application for Admission Pro Hac Vice Forthcoming*)
Alan E. Schoenfeld (*Application for Admission Pro Hac Vice Forthcoming*)
Alexandra Stewart (D. Md. Bar No. 19633)
Simon B. Kress (*Application for Admission Pro Hac Vice Forthcoming*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)
paul.wolfson@wilmerhale.com
bruce.berman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
alex.stewart@wilmerhale.com
simon.kress@wilmerhale.com

*Counsel for Defendants*

December 7, 2020

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to counsel for Plaintiffs:

David A. Bruce
205 Vierling Dr.
Silver Spring, MD 20904

Frederick W. Claybrook, Jr.
Claybrook LLC
700 Sixth St., NW, St. 430
Washington, DC 20001

Steven W. Fitschen
James A. Davids
National Legal Foundation
524 Johnstown Road
Chesapeake, VA 23322

MONTGOMERY COUNTY BOARD OF EDUCATION; SHEBRA L. EVANS, BRENDA WOLFF, JEANETTE E. DIXON, JUDITH DOCCA, PATRICIA B. O'NEILL, KARLA SILVESTRE, and REBECCA SMONDROWSKI, *individually and in their official capacities as Members of the Montgomery County Board of Education*; and JACK R. SMITH, *individually and in his official capacities as a member of the Montgomery County Board of Education and Montgomery County Superintendent of Schools*

  /s/ Alexandra Stewart
Alexandra Stewart (D. Md. Bar No. 19633)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)
alex.stewart@wilmerhale.com

*Counsel for Defendants*